**In re EVANS PRODUCTS COMPANY, et al., Debtors.**

**COMMITTEE OF NON–INSIDER EQUITY SECURITY HOLDERS OF EVANS PRODUCTS COMPANY, Plaintiff,**

v.

**EVANS PRODUCTS COMPANY, Victor Posner, Monford Orloff, Steven Posner, Melvin Colvin, Bernard Posner, Martin Rosen, Walter Sieckman, Paul Bragdon, Donald Engel, R.W. Deweese and Dante Fabiani, Defendants.**

Bankruptcy No. 85–00512–BKC–TCB.
Adv. No. 86–0269–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

May 2, 1986.

5. The proceedings are detailed at note 1, *supra.*

Stephen J. Blauner, Milbank, Tweed, Hadley & McCloy, New York City, for plaintiff.

Patrick A. Barry, English, McCaughan & O'Bryan, Fort Lauderdale, Fla., co-counsel for plaintiff.

Robert A. Mark, Stearns, Weaver, Miller, et al., P.A., Miami, Fla., for defendants.

Greer, Homer, Cope & Bonner, Miami, Fla., co-counsel for defendants.

## ORDER DENYING COMMITTEE'S MOTIONS AND DISMISSING ADVERSARY PROCEEDING

THOMAS C. BRITTON, Chief Judge.

Since August 1985, the active participants in this chapter 11 case have been discussing the possibility of a consensual plan. By April 10, 1986, the discussions had progressed to the point that the major terms of such an agreement appeared to have the support of the lenders group, each of the official creditors' groups appointed in this case, and at least some of the representatives of the debtors. However, on April 21, 1986, the debtor's board of directors rejected the proposed consensual plan.

The Committee of Non-Insider Equity Holders, which had supported the consensual plan, has filed this adversary complaint against one of the debtors and its board of directors seeking coercive action by this court compelling acceptance of this consensual plan by the board. The plaintiff/committee has moved for a preliminary injunction under B.R. 7065 or, alternatively, for the appointment of a trustee under 11 U.S.C. § 1104(a) to supplant the board of directors and to approve the terms for the consensual plan on behalf of the defendant/debtor. (C.P. No. 17).

There are two competing plans before the court, one filed by the lenders group and the other by the debtors. A confirmation hearing on both plans will be held June 20. The competing plans, disclosure statements and ballots must be mailed not later than May 12, and preferably earlier. This timetable prompted movant to request and it received an emergency hearing. The matter was heard on May 1.

■ The evidentiary record before me consists of an affidavit of movant's attorney (C.P. No. 18), an affidavit of the chairman of the movant committee (Exhibit 1), the deposition of the financial advisor for the combined lenders' committee, supplemented by that individual's oral examination during the hearing of May 1. The defendants have objected to consideration of the deposition on the ground that they received inadequate notice. The objection is overruled and I have considered the deposition. In addition, I have also taken judicial notice of all matters which appear from the file of these bankruptcy cases maintained in this court.

■ Movant has alleged that Victor Posner, who owns or controls 43% of the voting stock of the defendant debtor has coerced a majority of the directors of that corporation to reject the proposed consensual plan to serve his personal interest, disregarding his and the board's fiduciary duty to act in the interest and for the benefit of all shareholders. This is the only allegation of misconduct which, if established, could justify the interference by this court with the judgment exercised by the duly constituted board of the defendant debtor. It is, of course, movant's burden to prove this allegation. It has failed to do so.

There is no evidence before me that the board's decision of April 21 was in fact dominated or coerced by Posner. If it be assumed, however, that he did so, there is no evidence before me from which I could reasonably find or infer that Posner's decision or that of the majority of the board was reached to serve some private or personal benefit of Posner or any other member of the board. The terms of the proposed consensual plan clearly offer more to shareholders than the lenders' plan presently before the court. However, the debtors' plan, also before the court, equally clearly offers more to shareholders than is offered by the proposed consensual plan. The simple fact is that Posner's rejection of the proposed consensual plan (assuming he caused that rejection) will cause him a far greater loss than will be sustained by any other shareholder and to precisely the same extent with respect to each share he holds. There is no evidence that any special benefit or consideration has been requested at any time for Posner during the negotiations.

■ Movant is persuaded that the debtors' plan will be rejected by the creditors and cannot lawfully be confirmed by this court. I cannot now make that determination and, even if I could, that determination would not foreclose the possibility that the board believes that it can defeat the lenders' plan and, therefore, force more advantageous concessions than those available to it on April 10. In either event (and there are other possibilities as well) the decision involved a business judgment which the board and the board alone is presently authorized to make. This court cannot and will not interfere, absent proof of such misconduct as would forfeit the board's authority to act on behalf of the defendant debtor and its shareholders.

■ It is also incumbent upon movant to prove that it has no adequate remedy other than the injunctive relief it seeks. Movant has not carried, nor can it carry that burden. The estimated benefit to the non-insider shareholders from the proposed consensual plan can be fixed and could be assessed against the responsible party or parties in a class action after the fact. The inconvenience and difficulties inherent in that remedy are not so overwhelming as to justify injunctive intercession before the fact. There is no evidence before me that Victor Posner could not satisfy any judgment obtained on any such claim and the record of these cases before me suggests that he could. Movant has an adequate legal remedy.

■ The motion for injunctive relief is denied. The alternative prayer for the appointment of a trustee to effectuate the same relief is similarly denied. No useful purpose would be served by pursuing this adversary complaint, because, as plaintiff has alleged, the relief it seeks must be obtained now before the competing plans go to the creditors and that should occur within the next few days. Furthermore, there has been no suggestion that movant is in a position to offer additional evidence material to the essential issues before me. Accordingly, the adversary proceeding is dismissed with prejudice.

As is required by B.R. 9021(a), a separate judgment will be entered dismissing the adversary complaint with prejudice. Costs may be taxed on motion.